IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, March 16, 2010

## BRENDA DUNCAN ALBRIGHT, v. RANDOLPH & SHERRY TALLENT

**Appeal from the Chancery Court for McMinn County**
**No. 24512      Hon. Jerri S. Bryant, Chancellor**

---

**No. E2009-01983-COA-R3-CV - FILED MAY 12, 2010**

---

Plaintiff brought this action, asserting that defendants were constructing a fence which impacted on her driveway right-of-way, and sought an injunction against the construction of the fence. The Trial Court determined the fence was being constructed on defendants' property and denied plaintiff relief. However, the Trial Court also determined that the fence served no useful purpose, and suggested it was a spite fence. Plaintiff has appealed. On appeal, we affirm the Trial Judge as modified, the modification being that the defendant had testified in the Trial Court that he was building a fence of the same style and character as the fence around the rest of his property, which was a split board type, and would not block plaintiff's view. We modify the Judgment to restrict the defendants to constructing a fence as depicted in the exhibits filed in the Trial Court, i.e., the same type of fence he has constructed around the remainder of his property.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., joined, and D. MICHAEL SWINEY, J., concurred in part, dissented in part and filed an opinion..

Lance W. Parr, Athens, Tennessee, for the appellant, Brenda Duncan Albright.

A. Scott McCulley, Knoxville, Tennessee, for the appellees, Randolph and Sherry Tallent.

# OPINION

Plaintiff's Verified Complaint and Request for Temporary Injunction against defendants, Randolph and Sherry Tallent, alleged that they were adjoining property owners, and that defendants had begun building a fence in the middle of her front yard, blocking her easement. She alleged that she had used the easement for a period in excess of twenty years, and thus established adverse possession.

Defendants answered, acknowledging that an easement was granted at some point, but that its scope was uncertain and did not give plaintiff the rights she claimed, and they denied they were constructing a privacy fence across the middle of plaintiff's yard, as she charged. Defendants also counter-claimed, asserting they had expended money on maintaining the easement and if the Court determined plaintiff had a right to use the driveway, she should be required to pay one-half of the expense of maintaining the driveway.

At trial, plaintiff offered the testimony of a licensed surveyor, who testified he was employed to survey plaintiff's property and the driveway was necessary to access plaintiff's home. He testified that when plaintiff's tract was severed from the parent tract, a 50 foot wide easement was given for access, but some later deeds did not specifically mention the easement.

The Court then heard testimony from the respective owners, and following the trial an Order was entered finding plaintiff's adverse possession claim was not proven by clear and convincing evidence, and denied the request for an injunction. The Court concluded that the defendants could construct a fence as long as it did not interfere with plaintiff's access to her property.

In the Chancellor's Memorandum Opinion, the Chancellor found that the defendants' property was originally platted to be a subdivision and the easement was going to be a right-of-way into that subdivision. The Court further found that the fence defendants were erecting served no purpose, and was really "nothing more than a spite fence." The Court found that, depending on its height, the fence could block the view of plaintiff's house from the road. The Court found that defendants had stipulated that they would not block plaintiff's access to her home nor her use of the driveway, but the Court questioned whether the dominant tenant (in this case, the plaintiff) had a right to retain the aesthetic value of the easement. The Court found that the easement was for ingress and egress, and was originally supposed to serve the entire subdivision, but since defendants bought all of the subdivision property, plaintiff was the only lot using the easement.

The Court concluded by observing that the law allowed the defendants to build the

-2-

fence, but the fence had no useful purpose.

Plaintiff has appealed, raising these issues:

1. Whether the Trial Court erred in failing to award a permanent injunction against appellees prohibiting them from constructing a fence along the easement when the proof at trial showed that appellees had no practical need for the fence and the fence was erected for no purpose other than spite?

2. Whether the Trial Court erred when it held that appellant did not prove by clear and convincing evidence the elements of adverse possession for the disputed portion of property lying to the north of the driveway?

Plaintiff urges this Court to find the Trial Court erred in allowing defendants' fence to remain when there was no practical need for it and the Trial Court basically found that it was a "spite" fence. Plaintiff is correct in her argument that the law in Tennessee states that a fence or gate may only be erected on an easement if it is shown that same is necessary for the servient tract owner's use and enjoyment of his land, and if it does not unreasonably interfere with the use of the easement. *See Ogle v. Trotter*, 495 S.W.2d 558 (Tenn. Ct. App. 1973). In this case, as the Trial Court found, the fence was not necessary to the defendants' use and enjoyment of their land, and served no real purpose other than to mark the property line.

It was also shown, however, that this fence did not interfere with plaintiff's use of the easement in any way, as she still had the same access that she had always had, and the driveway was unimpeded.

The cases relied upon by the plaintiff, were cases where the courts have ordered a fence along an easement to be removed, where it had been established that the fence interfered with the use of the easement in some way. *See Ogle*, *see also Hughes v. Polton*, 2005 WL 2777346 (Tenn. Ct. App. Oct. 25, 2005). In this case, the fence was shown to be on defendants' property along the boundary line, and it was not established to be within the easement. Other cases have similarly ruled that where a fence is placed along the edges of an easement but does not restrict it in any way, the fences are allowed to remain. *See, Hughes,* and *Carroll v. Belcher*, 1999 WL 58597 (Tenn. Ct. App. Feb. 9, 1999). This is consistent with the long-standing rule of law regarding easements, that "[t]he owner of a right-of-way across the land of another, whether it was acquired by grant or by prescription, is entitled only to a reasonable and usual enjoyment thereof, in view of all the circumstances of the case and of the use then and theretofore made of the premises affected by it, and the

owner of the soil is entitled to all the rights and benefits of ownership consistent with the easement." *Long v. Garrison*, 1 Tenn. App. 211 (Tenn. Ct. App. 1925).

We affirm the Court's ruling that the defendants may construct the fence where proposed. However, the Chancellor in making her ruling observed:

> [I]t is nothing more than a spite fence. It could, depending on its height, block the plaintiff's view of the road or anything else. Depending on its height, it can and will block the view of plaintiff's house from the roadway.

In view of this finding, we modify Chancellor's Judgment to require defendants in constructing their fence, to construct it accordance with their testimony that it will be similar to the other fences on their property as depicted in the photographic exhibits.[1]

Finally, plaintiff argues that the Trial Court erred in holding that she did not prove that she had adversely possessed the property to the north of the driveway by clear and convincing evidence. Plaintiff concedes that to prove her claim, she must show that her possession of the property has been exclusive, actual, adverse, continuous, open and notorious for the requisite period of twenty years. *See Hightower v. Pendergrass*, 662 S.W.2d 932 (Tenn. 1983).

In this case, the record reveals plaintiff did not make the requisite showing of exclusive, adverse, and continuous possession of the property, as her only claim was that she and her ex-husband mowed and landscaped the property for over twenty years. Defendants testified, however, that they also mowed and landscaped on the property in question, and further, that any work done on the property by plaintiff and her ex-husband was done with their express permission. Defendants testified that all of their dealings with plaintiff and her ex-husband regarding the driveway and the property to the north demonstrated that plaintiff knew that defendants were the owners, and there was no dispute regarding the ownership. The Judgment of the Trial Court on this issue is affirmed.

The cause is remanded, with one-half of the cost assessed to plaintiff, Brenda D. Albright, and one-half to defendants, Raldolph and Sherry Tallent.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]The exhibits show a four panel fence that does not restrict any view and is aesthetically pleasing.